**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**
**GAINESVILLE DIVISION**

Case No. 1-18-cv-57

Judge(s) Initials   MW\GRJ

ADRIAN CUTTER,
                    Plaintiff,

          v.

BARCLAYS BANK DELAWARE,
LAW OFFICES OF ANDREU, PALMA, LAVIN & SOLIS, PLLC
JUAN G. ANDREU, ESQ.,
JORGE L. PALMA, ESQ.,
DESIREE M. LAVIN,
                    Defendants.

_____/

## CIVIL COMPLAINT

PLAINTIFF Adrian Cutter, pro se, sues DEFENDANTS Barclays Bank

Delaware, Law Offices of Andreu, Palma, Lavin & Solis PLLC, Juan G. Andreu

Esq., Jorge L. Palma Esq., and Desiree M. Lavin and says:

## PREAMBLE

1.      This is an action for damages for violations of the Fair Debt

Collection Practices Act (FDCPA) 15 U.S.C. § 1692 *et seq.* and Florida Consumer

Collection Practices Act (FCCPA) Fla. Stat. § 559.55 *et seq.*  In ruling on this

matter the Court will face five issues.  Defendants had duties under the FDCPA &

FCCPA, but breached those duties by continuing collection attempts on a disputed

debt prior to validating the alleged debt as requested by Adrian Cutter. Defendants are continuing to violate the above laws at this present time.

JURISDICTION AND VENUE

2.     Jurisdiction of this Court arises under 15 U.S.C. § 1692(k), 15 U.S.C. § 1331, Fla. Stat. § 47.051, and supplemental jurisdiction exists for the state law claims under 28 U.S.C. § 1367.

3.     Venue is proper under 28 U.S.C. § 1391(b) and Fla. Stat. § 559.77 in that this is where the Plaintiff resides and where the violations occurred.

4.     All conditions precedent for this action have been performed.

PARTIES

5.     Adrian Cutter, an individual, natural person, United States Citizen and resident of Alachua County, FL, was a debtor or consumer under Fla. Sta. § 559.55(2) and a consumer under 15 U.S.C. § 1692a(3) at all times material to this complaint.

6.     Barclays Bank Delaware, a Delaware Corporation, was a creditor under 15 U.S.C. § 1692a(4) and Fla. Sta. § 559.55(5) at all times material to this claim who offers or extends credit creating a debt or to whom a debt is owed.

7.     Law Offices of Andreu, Palma, Lavin & Solis PLLC (APL&S Firm) was a Florida corporation and a debt collector as defined under 15 U.S.C. § 1692a(6) and Fla. Sta. § 559.55(7) who regularly collected or attempted to collect

debts owed to or asserted to be owed to others at all times material to this complaint.

8.     Juan G. Andreu, Esq., a natural person, resident of Florida and attorney for APL&S Firm, was a debt collector under 15 U.S.C. § 1692a(6) and Fla. Sta. § 559.55(7) who regularly collected or attempted to collect debts owed to or asserted to be owed to others at all times material to this complaint.

9.     Jorge L. Palma, Esq. a natural person, resident of Florida and attorney of APL&S Firm, at all times material to this complaint was a debt collector under 15 U.S.C. § 1692a(6) and Fla. Sta. § 559.55(7) who regularly collected or attempted to collect debts owed to or asserted to be owed to others.

10.    Desiree M. Lavin, a natural person, resident of Florida, and attorney for APL&S Firm, at all times material to this complaint was a debt collector under 15 U.S.C. § 1692a(6) and Fla. Sta. § 559.55(7) who regularly collected or attempted to collect debts owed to or asserted to be owed to others.

11.    The alleged debt is a debt as the term is defined under 15 U.S.C § 1692a(5) and a debt or consumer debt under Fla. Sta. § 559.55(6) and was incurred primarily for personal, family, or household purposes.

FACTUAL ALLEGATIONS

12.    On or around May 12, 2017 Juan G. Andreu, a principle of APL&S Firm, sent a letter to Adrian Cutter requesting an alleged debt of $1581.60. *Exhibit A*

13.    On May 16, 2017 Adrian Cutter sent a dispute letter to APL&S Firm. *Exhibit B*

14.     On May 18, 2017 APL&S Firm signed for and received Adrian Cutter's debt validation letter. Exhibit C

15.     Included in Adrian Cutter's May 16, 2017 letter to APL&S Firm was a request for the alleged debt's validation and APL&S Firm's agreement with Barclays Bank Delaware authorizing APL&S Firm to collect the alleged debt.

16.     Adrian Cutter requested an accounting for the $1581.60 balance in his May 16, 2018 dispute letter.

17.     On or around June 27, 2017 Jorge L. Palma, an attorney for APL&S Firm, sent Adrian Cutter a copy of an alleged credit card application dated September 6, 2013 and copies of billing statements ranging from September 6, 2015 to December 5, 2016.

18.     The earliest credit card statement sent to Adrian Cutter by Jorge L. Palma on or around June 27, 2017 was dated September 6, 2015 and showed a previous balance of $1322.09.

19.     APL&S Firm did not provide an accounting for the $1322.09 previous balance.

20.     APL&S Firm failed to provide Adrian Cutter proof of their assignment by Barclays Bank Delaware requested in Adrian's May 16, 2017 dispute letter.

21.     Jorge L. Palma did not send Adrian Cutter a signed agreement between Adrian Cutter and Barclays Bank Delaware.

22.    Barclays Bank Delaware at the time APL&S Firm was requesting payment of $1581.60 from Adrian Cutter was reporting on Adrian to Experian and TransUnion consumer credit reporting agencies an alleged debt of $1771.

23.    On August 2, 2017 Jorge L. Palma, Esq. filed case 01-2017-SC-002464 in the county court in the eighth judicial circuit in Alachua County, FL against Adrian Cutter, which case listed Barclays Bank Delaware as Plaintiff, in an attempt to collect on the alleged debt prior to the alleged debt's validation. Exhibit D

24.    Adrian Cutter paid travel expenses and court parking fees to appear for pretrial conference in Alachua County, FL civil case 01-2017-SC-002464.

25.    On October 5, 2017 Adrian Cutter filed a notice of dispute of the alleged debt in Alachua County, FL civil case 01-2017-SC-002464 which again requested validation and an accounting of the alleged debt.

26.    Desiree M. Lavin is listed as a party against Adrian Cutter for the final hearing scheduled for April 10, 2018 in Alachua County, FL civil case 01-2017-SC-002464 to attempt to collect the alleged debt.

27.    All Defendants as of this claim are continuing collection attempts of the alleged debt in case 01-2017-SC-002464 civ. div. IV in Alachua County, FL.

## COUNT I

## FAIR DEBT COLLECTION PRACTICES ACT VIOLATIONS

28.    Adrian Cutter alleges and incorporates here paragraphs 1 through 27.

29.     Defendants Law Offices of Andreu, Palma, Lavin & Solis, PLLC, Juan G. Andreu Esq., Jorge L. Palma Esq., and Desiree M. Lavin willfully violated and are currently violating 15 U.S.C. § 1692e(2) by continuing attempts to collect a false amount from Adrian Cutter after written requests by Adrian to validate the alleged debt of $1581.60 Defendants were demanding.

30.     Law Offices of Andreu, Palma, Lavin & Solis PLLC, Juan G. Andreu Esq., Jorge L. Palma Esq., and Desiree M. Lavin had a duty to cease collection attempts until the disputed debt was validated as requested by Adrian Cutter in his May 16, 2018 letter.

31.     By continued collection attempts of the alleged debt in case 01-2017-SC-002464 in the county court in the eighth judicial circuit in Alachua County, FL prior to validating the alleged debt, APL&S breached their duty under 15 U.S.C. § 1692g(b).

32.     Defendants Law Offices of Andreu, Palma, Lavin & Solis PLLC, Juan G. Andreu Esq., Jorge L. Palma Esq., and Desiree M. Lavin violated 15 U.S.C. § 1692f(1) by failing to provide an agreement that authorized APL&S Firm to collect the amount of the alleged debt Defendants were demanding.

WHEREFORE, Plaintiff requests the Court to enter a judgment for damages pursuant to 15 U.S.C. § 1692k against Defendants Law Offices of Andreu, Palma, Lavin & Solis PLLC, Juan G. Andreu, Esq., Jorge L. Palma, Esq., Desiree M. Lavin for the following:

33.    Statutory damages of $1000 per Defendant for a total of $4000.

34.    Actual damages of $15 for travel expenses and parking fees to defend Alachua County, FL claim in case 01-2017-SC-002464 against Plaintiff.

35.    Any judgment amount in case 01-2017-SC-002464 in the county court in the eighth judicial circuit in Alachua County, FL against Plaintiff.

36.    Any attorney's fees and court costs.

37.    Any further relief the Court may deem reasonable and just.

## COUNT II

## FLORIDA CONSUMER COLLECTION PRACTICES ACT VIOLATIONS

38.    Adrian Cutter alleges and incorporates here paragraphs 1 through 27.

39.    All Defendants violated and are violating Fla. Stat. § 559.72(9) by claiming, attempting, or threatening to enforce a debt when they know that the debt is not legitimate, or asserting the existence of some other legal right when they know that the right does not exist.

40.    Fla. Stat § 559.715 requires entities receiving assignments of consumer debts to provide written notice to consumer at least 30 days prior to taking any action to collect the debt.  Failing to do so Law Offices of Andreu, Palma, Lavin & Solis PLLC, Juan G. Andreu, Esq., Jorge L. Palma, Esq., Desiree M. Lavin were precluded from bringing any action on the alleged debt.

41.    Defendants Law Offices of Andreu, Palma, Lavin & Solis PLLC, Juan G. Andreu Esq., Jorge L. Palma Esq., and Desiree M. Lavin violated FCCPA

Fla. Stat. § 559.72(15) when they refused to provide adequate identification of

APL&S Firm as representing Barclays Bank Delaware and being a real party in

interest to the collection of the alleged debt when requested to do so by Adrian

Cutter in his May 16, 2017 debt validation letter.

WHEREFORE, Plaintiff requests the Court to enter a judgment for

damages under Fla. Stat. § 559.77 against all Defendants for the following:

43.    Statutory damages of $1000 per Defendant for a total of $5000.

44.    Actual damages of $15 for travel expenses and parking fees to defend

Alachua County, FL claim in case 01-2017-SC-002464 against Plaintiff.

45.    Any judgment amount in case 01-2017-SC-002464 in the county

court in the eighth judicial circuit in Alachua County, FL against Plaintiff.

46.    Any Attorney's fees and court costs.

47.    Any further relief the Court may deem reasonable and just.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury of all issues so triable.

Submitted this 28th day of March, 2018

Adrian Cutter
2508 SW 35th Place Apt 57
Gainesville, FL 32608
cutterac@gmail.com
972-302-3291

# EXHIBIT A

# ANDREU, PALMA, LAVIN & SOLIS, PLLC

1000 NW 57TH COURT
SUITE 400
MIAMI, FLORIDA 33126
TELEPHONE: (305) 631-0175 - TOLL FREE (877) 631-0174
FACSIMILE: (305) 631-1816

May 12, 2017

ADRIAN CUTTER
APT 57 2508 SW 35TH PL
GAINESVILLE, FL 32608-3251

RE:   Creditor:          Barclays Bank Delaware
      Customer:         ADRIAN CUTTER
      Balance Owed:     $1,581.60
      Acct. #:          ************4354
      File No.:         17-04790
      Your NFL Extra Points Program Account

Dear ADRIAN CUTTER:

Our law firm has been retained by Barclays Bank Delaware in connection with the above-referenced account.

Unless you dispute the validity of this debt, or any portion thereof within thirty (30) days of receipt of this notice, we will assume that the debt is valid.  If you notify us in writing within the thirty (30) day period, that the debt or any portion thereof, is disputed, we will obtain and then mail you verification of the debt or a copy of a judgment, if one has been entered.  If you request in writing within thirty (30) days after receiving this notice, we will provide you with the name and address of the original creditor, if different from the current creditor.

This communication is from a debt collector. We are attempting to collect a debt and any information obtained will be used for that purpose.

Sincerely,

Juan G. Andreu, Esq.



# EXHIBIT B

Adrian Cutter
2508 SW 35th Place Apt 57
Gainesville, FL 32608

Juan G. Andreu, Esq.
Andreu, Palma, Lavin & Solis, PLLC
1000 NW 57th Court Ste 400
Miami, FL 33126

May 16, 2017

**Certified Mail Number** 7016 3010 0000 6821 3136

**RE: Barclays Bank Delaware**

125 South West Street
Wilmington, DE 19801

Account # ▮▮▮▮▮▮▮ 4354

**To Whom It May Concern:**

Be advised this is not a refusal to pay, but a notice that your claim is disputed and **validation** is requested **not verification**. Under the *Fair Debt Collection Practices Act (FDCPA)* **Sec. 809**, I have the right to request validation of the debt you say I owe you. I am requesting proof that I am indeed the party you are asking to pay this debt, and there is some contractual obligation that is binding on me to pay Andreu, Palma, Lavin & Solis, PLLC, this debt. I claim Lack of Privity as I have never entered into any contractual or debtor/creditor arrangements with your agency.

This is NOT a request for "verification" or proof of my mailing address, but a request for **VALIDATION** made pursuant to **15 USC § 1692g Sec. 809 (b)** of the FDCPA. I respectfully request that your offices provide me with competent evidence that I have any legal obligation to pay you.

At this time I will also inform you that if your offices have reported invalidated information to any of the three major credit bureaus (Equifax, Experian, Trans Union), this action might constitute fraud under both federal and state laws. Due to this fact, if any negative mark is found to report on any of my credit reports by your company or the company you represent, I will not hesitate in bringing legal action against you and your client for the following: Violation of the **Fair Debt Collection Practices Act, Fair Credit Reporting Act** *and*

Page 1 of 4

**Defamation of Character**.

I am sure your legal staff will agree that non-compliance with this request could violate **FCRA 623(a) (3) - Responsibilities of furnishers of information to consumer reporting agencies [15 USC § 1681s-2]** putting your company in serious legal trouble with the CFPB and other state or federal agencies.

All collection efforts must cease until you verify the debt as being valid as delineated under **15 USC § 1692g Sec. 809 (b) of the FDCPA. You should be aware that sending unsubstantiated demands for payment through the United States Mail System might constitute mail fraud under federal and state law.**

Also, during this validation period, if any action is taken which could be considered detrimental to any of my credit reports, I will consult with legal counsel for suit. This includes any listing of any information to a credit-reporting repository that could be inaccurate or invalidated. **If your offices fail to respond to this validation request within 5 days from the date of your receipt you will be in violation and subject to sanctions pursuant to FDCPA for violation.**

**Your failure to satisfy this request within the requirements of the Fair Debt Collection Practices Act will be construed as your absolute waiver of any and all claims against me, and your tacit agreement to compensate me for costs and attorneys fees.**

It would be advisable that you and your client assure that your records are in order before I am forced to take legal action.

**CREDITOR/DEBT COLLECTOR DECLARATION**

**Please provide the following:**
1. Agreement with your client that grants you the agent authority to collect on this alleged debt.
2. Agreement that **bears the signature** of the alleged debtor wherein he/she agreed to pay Andreu, Palma, Lavin & Solis, PLLC, and or an agreement showing I agree to pay a creditor and or their agent.

**3.** Any insurance claims been made by any creditor regarding this account.

**4.** Any Judgments obtained by any creditor regarding this account.

**5.** Name and address of alleged creditor.

**6.** Name on file of alleged debtor.

**7.** Alleged account number.

**8.** Address on file for alleged debtor.

**9.** Amount of alleged debt.

**10.** Date this alleged debt became payable.

**11.** If the account is charged off the date of original charge off or delinquency.

**12.** Verification that this debt was assigned or sold to collector.

**13.** If this debt has been assigned to collector, please provide the commission amount if collection efforts are successful.

**14.** If this debt has been sold to collector, please provide the price for which it was sold, and proof of sale with all trailing documents.

**15.** Agreement between your agency and I of any contractual or debtor/creditor arrangement.

**16.** Complete accounting of alleged debt.

Please provide the name and address of the bonding agency for Andreu, Palma, Lavin & Solis, PLLC in case legal action becomes necessary. **Your claim cannot and WILL NOT be considered if any portion of the above is not completed and returned with copies of all requested documents.** This is a request for validation made pursuant to the **Fair Debt Collection Practices Act.** Please allow 30 days for processing after I receive this information back.

**Thank you very much and best regards.**

Sincerely _____ _____ _____

Adrian Cutter, **Signed without prejudice**

**P.S.** Please be aware that dependent upon your response, I may be detailing any potential issues with your company via an online public press release, including documentation of any potential small claims action.

Cc:

1. Equifax
   Attention: Richard F. Smith / Chairman and CEO
   P.O. Box 740241, Atlanta GA 30374

2. Equifax Information Services LLC
   P.O. Box 740256, Atlanta GA 30374

3. Experian Corporate Headquarters
   Attention: Don Robert / Chairman
   475 Anton Blvd., Costa Mesa CA 92626

4. Experian Corporate Headquarters
   Attention: Don Robert / Chairman
   955 American Lane, Schaumburg IL 60173

5. Experian Disputes Office
   P.O. Box 4500, Allen TX 75013

6. TransUnion
   Attention: James M. Peck / CEO & President
   555 W. Adams Street, Chicago IL 60661

7. TransUnion Consumer Solutions
   P.O. Box 2000, Chester PA 19022-2000

8. Consumer Financial Protection Bureau
   Attention: Enforcement Division
   1700 G Street NW, Washington DC 20552

# EXHIBIT C



**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information. visit our website at *www.usps.com*

MIAMI, FL 33126

| Certified Mail Fee | $3.35 | | 0502 |
|---|---|---|---|
| $ | | $0.00 | |

Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy)         $ $1.45
☐ Return Receipt (electronic)       $ $0.00
☐ Certified Mail Restricted Delivery $ $0.00
☐ Adult Signature Required          $ $0.00
☐ Adult Signature Restricted Delivery $

Postage  $0.49

Total Postage and Fees  $5.29

Sent To  Juan G. Andreu Esq.

Street and Apt. No., or PO Box No.  1000 NW 57th Court Ste 400

City, State, ZIP+4®  Miami, FL 33126

PS Form 3800, April 2015 PSN 7530-02-000-9047    See Reverse for Instructions

7016 0821 3136

3010 0000

Postmark
Here
MAY 16 2017
05/16/2017


**UNITED STATES**
**POSTAL SERVICE**

Date: August 30, 2017

Adrian Cutter:

The following is in response to your August 30, 2017 request for delivery information on your Certified Mail™ item number 70163010000068213136. The delivery record shows that this item was delivered on May 18, 2017 at 11:26 am in MIAMI, FL 33126. The scanned image of the recipient information is provided below.

Signature of Recipient :

Address of Recipient :

Thank you for selecting the Postal Service for your mailing needs.

If you require additional assistance, please contact your local Post Office or postal representative.

Sincerely,
United States Postal Service

# EXHIBIT D

Filing # 59831826 E-Filed 08/02/2017 10:45:53 AM

IN THE COUNTY COURT
IN AND FOR ALACHUA COUNTY, FLORIDA

CASE NO:

Barclays Bank Delaware,

Plaintiff,

COMPLAINT FOR DAMAGES
vs.                                                ATTORNEY BAR NO: 0597708

ADRIAN CUTTER ,

Defendant(s).
_____/

Plaintiff Barclays Bank Delaware complains of Defendant(s), ADRIAN CUTTER , and would respectfully show the following:

**JURISDICTION**

1.    This is an action for damages that are within the jurisdictional limits of this court.

**SERVICE**

2.    Defendant(s) may be served at the address listed on the court summons.

**VENUE**

3.    Venue of this action is proper in the county named above because the Defendant(s) is/are a resident(s) of this county.

**FACTS**

4.    The Plaintiff issued a credit account in Defendant(s)' name under its account number ***********■■■. Defendant(s) received and used (or authorized the use of) the account and thereby became obligated to pay for the charges incurred with the card.

5.    On or about 30 days from the date of the last payment, which was September 2, 2016, Defendant(s) defaulted on the obligation to make monthly payments on the credit account,

and the account was subsequently canceled. The entire balance on the credit account is presently due and payable in full.

      6.     In accordance with federal regulations, monthly periodic statements for the Account have been provided to the Defendant. Attached hereto and incorporated herein are copies of periodic account statements provided to Defendant prior to charge-off.

      7.     The account balance due is $1,581.60.

## ACCOUNT STATED

Plaintiff realleges paragraphs 1 - 6 as though fully stated herein.

      8.     Plaintiff asserts that Defendant(s)' use of the credit account to purchase goods and services represented a periodic account, for which it generated regular monthly statements.

      9.     By submitting the payments in response to the statements rendered and delivered by Plaintiff, the Defendant accepted the ongoing balance.

      10.    There are no unresolved billing disputes made in response to receiving the account statements and, therefore, there is a prima facie case establishing the correctness of the account balance. *See, Farley v. Chase Bank, USA, NA*, 37 So. 3d 936 (Fla. 4th DCA 2010).

      11.    Defendant(s) is/are liable to Plaintiff for the account balance of $1,581.60 and court costs.

## CONDITIONS PRECEDENT

      12.    Through its undersigned attorney Plaintiff has demanded payment from Defendant(s), but Defendant(s) has/have not satisfied such demand. Plaintiff has performed all conditions precedent to the filing of this action, or all such conditions precedent have occurred.

      WHEREFORE, premises considered, Plaintiff prays that Defendant(s) be summoned to appear, and that upon entry of default or final hearing, Plaintiff have judgment against Defendant(s) for:

a.    $1,581.60, which is the balance due on the credit account;

b.    all costs of court; and

c.    all such other and further relief to which Plaintiff may be justly entitled.

Respectfully submitted,

ANDREU, PALMA, LAVIN & SOLIS, PLLC
Attorneys for Plaintiff
1000 NW 57th Ct., Ste. 400
Miami, FL 33126
Tel. (305) 631-0175
Fax. (305) 631-1816
E-mails: pleadings1@andreupalma.com;jpalma@andreupalma.com

By /s/ *Jorge L. Palma*
Jorge L. Palma, Esq.
FBN 0597708

17-04790